IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO.   3:21-00081

CECIL MONROE BOWMAN

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Cecil Monroe Bowman's pro se Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)(i). ECF No. 32. For the following reasons, the Motion is **DENIED**.

## I. APPLICABLE LAW

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the Bureau of Prisons ("BOP") to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent

with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018).

During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

## II. ANALYSIS

On June 29, 2021, Mr. Bowman pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). *See* Information, ECF No. 16; Written Plea of Guilty, ECF No. 21. He was sentenced on September 27, 2021 to 70 months imprisonment to be followed by 3 years of supervised release. Judgment, ECF No. 27. On May 2, 2022, Mr. Bowman filed the instant Motion for Compassionate Release. ECF No. 32. He then supplemented that Motion with a supporting memorandum. ECF No. 35. The Government responded on July 6, 2023. ECF No. 38. Mr. Bowman did not reply within the relevant timeframe. Therefore, the Motion is ripe for review.

As a preliminary matter, the Court finds that Mr. Bowman has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A). Defendant submitted a request for compassionate release on the grounds of his medical issues and the risk of COVID-19 to the warden at his facility, FCI Beckley, which was electronically received on February 22, 2023. Mot. at 4 & Ex. A. The Warden denied his request via email on April 18, 2023. *Id*. at Ex. B. On May 4,

2023, Mr. Bowman supplemented his request to the Warden, arguing additional grounds for compassionate release based on familial hardships and age-related issues. *Id*. at Ex. C. Therefore, while Mr. Bowman waited 34 days between his initial denial and the filing his Motion on May 22, 2023, he did not wait the requisite 30 days between the supplementation arguing additional grounds for release and the filing of the Motion. However, the Government's response does not raise the issue, and the Court may not consider it *sua sponte*; accordingly, the Court considers the issue waived or forfeited. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

Therefore, the Court will consider the merits of his Motion. Mr. Bowman claims that compassionate release is appropriate under the 18 U.S.C. §3582(c)(1)(A)(i) "extraordinary and compelling" standard due to six enumerated "extraordinary circumstances:"

(1) His 73-year-old sister is "incapacitated due to medical issues" and he is the only family member who could provide care;

(2) He has experienced the death of two adult sons within the last four years;

(3) He has spent three years in "harsh lockdown type conditions" due to the pandemic;

(4) His combined age and medical issues make it impossible for FCI Beckley to properly provide medical care to him;

(5) He suffers from "mental anguish," potentially "long COVID," hepatitis, gout, hernias, "spurs in both hands and feet," obesity, undiagnosed feet swelling, rheumatoid arthritis, declining vision, and tooth decay. He further asserts that he requires a knee replacement;

(6) He has "been rehabilitated." Mot. at 6-7.

In response, the Government argues that "inasmuch as Defendant's medical conditions are being properly managed and no such condition is terminal or diminishes Defendant's ability to

provide self-care" they are not "extraordinary or compelling." Resp. to Def.'s Mot. at 1. Further, the Government argues that Mr. Bowman's "remaining purported justifications are not cognizable by the relevant statutory and Guideline authority and otherwise fall short of extraordinary and compelling." *Id*. The Court agrees and will explain to Mr. Bowman why each asserted justification is insufficient, in turn.

While Mr. Bowman's sister may be elderly and incapacitated, he has provided no evidence as to either her incapacity or her inability to find another caregiver. Nor does he explain how he could care for her given his own medical conditions. A letter she has submitted in support asserts health issues such as, *inter alia*, difficulty using her hands and completing a house renovation project. ECF No. 35-1. She has not, however, provided any medical documentation in support of these claims. *See id*. Courts have found that "there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020). However, the mere desire to care for an incapacitated sibling is insufficient to meet this standard. *See, e.g.*, *United States v. Irizzary*, No. CR 14-652-13, 2021 WL 735779, at *3 (E.D. Pa. Feb. 25, 2021) (finding a cared-for sibling with cerebral palsy insufficient to justify compassionate release). Here, Mr. Bowman has not demonstrated that he is his sister's only source of support, nor that her conditions are so severe as to require his care.

The Government has sufficiently demonstrated that Mr. Bowman's medical issues are being addressed. The medical exhibits attached to the Government's response show that he is being treated for an extensive array of medical ailments, with a particular focus on his rheumatoid arthritis, for which he has receives regular blood tests and five different prescription medications.

ECF Nos. 41 & 41-1, *passim*. He has been given vision and dental care and has been referred to specialists for optometry and rheumatology. *Id*. As recently as May 2023, Mr. Bowman has received updated plans of care and diagnoses. *Id*. at 4. There is nothing in the BOP medical record to suggest that Mr. Bowman's conditions are either "terminal" or "substantially diminish" his ability to "provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A). Accordingly, the Court finds that Mr. Bowman's medical conditions are not grounds for compassionate release.

The Court is sure that the death of two sons has been a significant hardship in Mr. Bowman's life and is aware that no words in this opinion can properly address the sense of loss and grief he is certain to feel. However, the loss of adult children is not a cognizable ground upon which compassionate relief may be granted. *See United States v. Jones*, No. 1:18-cr-00133, 2021 WL 5498747, at *2 ("[T]he death of a relative is, by itself, generally not an 'extraordinary and compelling circumstance.'") "Harsh lockdown conditions" which affect all inmates at FCI Beckley cannot provide an individualized "extraordinary and compelling" ground upon which the Court could release Mr. Bowman. As this Court has previously held, "[t]hese conditions, while troublesome, are not 'extraordinary and compelling' circumstances." *United States v. Williams*, No. 2:20-cr-00129-1, 2023 WL 3195471 (S.D.W. Va. Feb. 14, 2023). Finally, Mr. Bowman's asserted rehabilitation is insufficient to support an "extraordinary and compelling" reason for compassionate release, especially given his continued history of criminal conduct while incarcerated. *See* Gov. Ex. 4, ECF No. 38-4 (record of Mr. Bowman possessing a controlled substance while incarcerated).

The Court also considers the totality of the circumstances presented by Mr. Bowman, pursuant to its duty under the First Step Act. *See United States v. Hargrove*, 30 F.4th 189, 198 (4th

Cir. 2022) (holding that the "extraordinary and compelling circumstances" inquiry is "multifaceted and must take into account the totality of the relevant circumstances.") While the Court concludes that his life is undoubtedly made difficult by the troubles in his family, his medical ailments, and FCI Beckley's COVID-related procedures, it cannot say that these are "extraordinary and compelling" circumstances warranting his release. As the Court has found that Mr. Bowman has not provided an "extraordinary or compelling reason" justifying compassionate release, it need not consider the applicability of the § 3582(a) factors to the instant motion. *See* 18 U.S.C. § 3582(c).

## IV. CONCLUSION

The Court accordingly **DENIES** Defendant Bowman's Motion, ECF No. 32, and **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 16, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE